IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY CHRISTINE RAY                                                                    PETITIONER

   v                                              CASE NO. 14-5036

RAY HOBBS, Director
Arkansas Department of Correction                                                     RESPONDENT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Currently before the undersigned is a 28 U.S.C. § 2254 Petition (Doc. 1) filed by Petitioner Mary Christine Ray.  For the reasons stated herein, the undersigned recommends that the Petition be DENIED and DISMISSED.

      1.      In her § 2254 Petition, Petitioner indicates that on November 23, 2010, after pleading guilty to the offense of conspiring to manufacture methamphetamine, she was sentenced in the Circuit Court of Washington County to 180 months imprisonment.  Petitioner did not appeal her conviction.

      2.      Petitioner asserts four grounds for relief in her § 2254 Petition.  First, Petitioner asserts that her Fourth Amendment rights were violated when the police entered her residence without a warrant on June 15, 2010.  The remaining three grounds for relief asserted by Petitioner relate to her medical condition.  Specifically, Petitioner alleges that she is suffering from a life threatening medical illness and that her rights under the Eighth and Fourteenth Amendments are being violated by the delay in access to medical care.  Petitioner indicates that she has filed a 42 U.S.C. § 1983 civil rights lawsuit in regard to her medical needs.  Petitioner indicates that she has also filed a petition for "time commutation/medical clemency," but the clemency board has not yet voted.  Petitioner seeks the following relief:

> [Petitioner] should be granted relief so that she may get the surgeries that she needs to make her life as pain-free as possible. [Petitioner] claims that she is miserable [at] this time and says that if she were [at] home on an ankle monitor that she would obey all rules regarding the ankle monitor and her parole officer. [Petitioner's] life is in jeopardy and is in need of attention.

(Doc. 1 at pg. 13.)

      3.    "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule of the Rules Governing § 2254 Cases. A guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea, such as Fourth Amendment claims. See Weisberg v. State of Minnesota, 29 F.3d 1271, 1279-80 (8th Cir. 1994). Thus, Petitioner's first ground for relief relating to the illegal search of her residence is foreclosed by her guilty plea. As to Petitioner's remaining claims, § 2254 only provides a remedy for individuals in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). While the undersigned is certainly sympathetic to Petitioner's medical condition, her grounds for relief relating to her medical needs are not cognizable under § 2254. The undersigned would note that it appears the Petitioner is pursuing other remedies available to her to address her medical situation, such as a § 1983 lawsuit and a medical clemency.

      4.    Based upon the foregoing, the undersigned recommends denying and dismissing Petitioner's § 2254 Petition (Doc. 1.)

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 28th day of February, 2014.

        /s/ *Erin L. Setser*
   HON. ERIN L. SETSER
   UNITED STATES MAGISTRATE JUDGE